UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| JAMAURA WOODS, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 2:21-cv-00364-GZS |
| | ) | |
| AUBURN POLICE DEPARTMENT | ) | |
| and TRAVIS BARNIES, | ) | |
| | ) | |
| Defendants | ) | |

**RECOMMENDED DECISION ON
DEFENDANT'S MOTION TO DISMISS**

Plaintiff alleges her constitutional rights were violated in connection with her arrest in January 2021. (Complaint, ECF No. 1.) Defendant Auburn Police Department has moved to dismiss Plaintiff's complaint. (Motion, ECF No. 10.) Plaintiff did not file an opposition to the motion.

Following a review of the record and after consideration of the issues generated by Defendant's motion, I recommend the Court grant Defendant's motion to dismiss.

### BACKGROUND

The facts set forth below are derived from Plaintiff's complaint. Plaintiff's factual allegations are deemed true when evaluating a motion to dismiss. *McKee v. Cosby*, 874 F.3d 54, 59 (1st Cir. 2017).

Plaintiff alleges she was arrested by one of Defendant's officers[1] on January 4, 2021. (Complaint at 4.) According to Plaintiff, Defendant's officers entered her home without a warrant, without consent, without an emergency, and arrested her on false charges using excessive force. (*Id*. at 3-4.)

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may seek dismissal of "a claim for relief in any pleading" if that party believes that the pleading fails "to state a claim upon which relief can be granted." In its assessment of the motion, a court must "assume the truth of all well-plead facts and give the plaintiff[] the benefit of all reasonable inferences therefrom." *Blanco v. Bath Iron Works Corp.*, 802 F. Supp. 2d 215, 221 (D. Me. 2011) (quoting *Genzyme Corp. v. Fed. Ins. Co.,* 622 F.3d 62, 68 (1st Cir. 2010)). To overcome the motion, a plaintiff must establish that her allegations raise a plausible basis for a fact finder to conclude that the defendant is legally responsible for the claim at issue. *Id.*

The complaint may not consist entirely of "conclusory allegations that merely parrot the relevant legal standard." *Young v. Wells Fargo Bank, N.A.*, 717 F.3d 224, 231 (1st Cir. 2013). Federal Rule of Civil Procedure 12(b)(6) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678

---

[1] In her complaint, Plaintiff named the Auburn Police Department as the sole defendant. In response to the Court's Order to Show Cause (OSC) as to why Plaintiff had failed to provide the address of the defendant for service of process (OSC, ECF No. 6), Plaintiff provided the address of Officer Travis M. Barnies. (Plaintiff's Response to OSC, ECF No. 7.) The Court terminated the OSC and construed Plaintiff's response as an amendment to the complaint identifying Travis Barnies as the officer referenced in the complaint and adding him as a defendant. (Order Terminating OSC, ECF No. 8.)

(2009). "A self-represented plaintiff is not exempt from this framework, but the court must construe his [or her] complaint 'liberally' and hold it 'to less stringent standards than formal pleadings drafted by lawyers.'" *Waterman v. White Interior Sols.*, No. 2:19-cv-00032-JDL, 2019 WL 5764661, at *2 (D. Me. Nov. 5, 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

## DISCUSSION

Under District of Maine Local Rule 7(b), a party is expected to file an objection to a motion if the party contests the motion, and unless the party files an objection, the party is "deemed to have waived objection." D. Me. Loc. R. 7(b). Dismissal, therefore, would be warranted based solely on Plaintiff's lack of objection to Defendant's motion to dismiss. Even if Plaintiff had not waived objection, however, dismissal would be warranted.

Although Plaintiff does not specifically cite the federal civil rights statute, her claims involve allegations that her civil rights were violated during her arrest. Pursuant to the statute:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law ....

42 U.S.C. § 1983.

"Section 1983 supplies a private right of action against a person who, under color of state law, deprives another of 'any rights, privileges, or immunities secured by the Constitution and [federal] laws.'" *Gray v. Cummings*, 917 F.3d 1, 7 (1st Cr. 2019) (alteration in original) (quoting 42 U.S.C. § 1983). Section 1983 "'is not itself a source of

3

substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). To maintain a claim under section 1983, a plaintiff must establish: "1) that the conduct complained of has been committed under color of state law, and 2) that this conduct worked a denial of rights secured by the Constitution or laws of the United States." *Barreto-Rivera v. Medina-Vargas*, 168 F.3d 42, 45 (1st Cir. 1999).

Plaintiff names as a defendant the Auburn Police Department. The Auburn Police Department, however, is "not a suable entity." *Dwan v. City of Boston*, 329 F.3d 275, 278 n.1 (1st Cir. 2003). As a department of the City of Auburn, the police department does not have a legal identity separate from the city. *See, e.g., Johnson v. City of Biddeford*, No. 2:17-cv-00264-JDL, 2018 WL 1173428, at * n.1 (the Biddeford Police Department "is not a legal entity separate from the City of Biddeford"); *Post v. City of Fort Lauderdale*, 750 F. Supp. 1131, 1132 (S.D. Fla. 1990) (dismissing suit against a police department because, as an integral part of the city, it lacked a legal identity apart from the city).

Although the Auburn Police Department is not a proper party, Plaintiff's complaint could be construed as an attempt to state claims against the City of Auburn. Even if the City of Auburn were deemed to be the defendant, Plaintiff has not asserted an actionable § 1983 claim. A municipality cannot be vicariously liable for a constitutional deprivation simply because the deprivation was caused by a municipal employee. *Welch v. Ciampa*, 542 F.3d 927, 941 (1st Cir. 2008) (citing *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 691 (1978)). A municipality can be held liable under § 1983 "only for [its] own unconstitutional acts." *Haley v. City of Boston*, 657 F.3d 39, 51 (1st Cir. 2011). "Thus, a

plaintiff who brings a section 1983 action against a municipality bears the burden of showing that, 'through its deliberate conduct, the municipality was the moving "force behind" the injury alleged.'" *Id*. (quoting *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 404 (1997)). For a municipality to be liable for a constitutional deprivation, the record must include evidence that a municipal policy, custom, or practice caused the deprivation. *Welch*, 542 F.3d at 941. The applicable standard thus requires a plaintiff to "identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." *Bd. of Cty. Comm'rs v. Brown,* 520 U.S. 397, 403 (1997). Plaintiff has not identified in her complaint a municipal policy or custom that resulted in the alleged deprivation of her constitutional rights. Plaintiff, therefore, has not stated a § 1983 claim against the City of Auburn.

In sum, by failing to respond to the motion to dismiss, Plaintiff has waived any objection to the motion. In addition, Plaintiff has not asserted an actionable claim against Defendant Auburn Police Department (or the City of Auburn). Accordingly, dismissal of Plaintiff's claims against Defendant is warranted.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court grant Defendant Auburn Police Department's motion to dismiss and dismiss Plaintiff's claims against Defendant Auburn Police Department.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen

(14) days of being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

  Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

            /s/ John C. Nivison
            U.S. Magistrate Judge

Dated this 31st day of August, 2022.