UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| JAMAURA WOODS, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 2:21-cv-00364-GZS |
| | ) | |
| TRAVIS BARNIES, | ) | |
| | ) | |
| Defendant | ) | |

**RECOMMENDED DECISION ON MOTION FOR SANCTIONS**

As a sanction for Plaintiff's alleged failure to comply with her discovery obligations under the Federal Rules of Civil Procedure and the Court's Show Cause order, Defendant asks the Court to dismiss Plaintiff's complaint. (Motion for Sanctions, ECF No. 26.) Following a review of the record and after consideration of Defendant's argument, I recommend the Court deny Plaintiff's motion without prejudice.

**BACKGROUND FACTS**

Defendant served interrogatories and a request for documents on Plaintiff on September 6, 2022. When Plaintiff failed to respond to the discovery requests and after Defendant communicated with Plaintiff in an attempt to obtain Plaintiff's discovery responses, Defendant asked the Court for a discovery conference in accordance with District of Maine Local Rule 26(b). Upon review of the request, the Court issued an Order to Show Cause, directing Plaintiff, by November 23, 2022, to serve responses to the discovery requests or show cause in writing why she has failed to do so. The Court advised

Plaintiff that if she failed to comply with the Court order, the Court could dismiss the complaint. (Order to Show Cause, ECF No. 18.)

After Defendant again inquired of Plaintiff regarding the status of the discovery responses, on November 28, 2022, Plaintiff provided incomplete, unsigned answers to the interrogatories in an email communication and did not respond to the request for documents. Although Plaintiff subsequently provided answers to interrogatories in a word document, Plaintiff's answers were incomplete and not signed under the penalty of perjury. Plaintiff also did not respond to the request for documents. When Defendant requested a discovery conference, the Court authorized Defendant to file a motion for sanctions. (Order, ECF No. 23.)

## DISCUSSION

Federal Rule of Civil Procedure 37 authorizes the imposition of sanctions against a party for failure to cooperate in discovery. A court may under certain circumstances "strike pleadings in whole or in part," or dismiss the action "in whole or part." Fed. R. Civ. P. 37(b)(2)(A)(iii), (v).

Dismissal as a sanction should be used cautiously. As the First Circuit explained:

> Prior to choosing the harsh sanction of dismissal, a district court should consider the broad panoply of lesser sanctions available to it, such as contempt, fines, conditional orders of dismissal, etc. The severe sanction of dismissal serves as a powerful means of deterring others from frustrating the district court's well justified efforts at docket management, but it is not the only such deterrent.

*Crossman v. Raytheon Long Term Disability Plan*, 316 F.3d 36, 39 – 40 (1st Cir. 2002) (internal quotation marks and citations omitted). When assessing whether dismissal is

warranted, a court must consider "the gravity of the violation and balance it with the need for order in the trial court, the prejudice to the other party, and the preference for disposing of a case on the merits." *Id*. (citing *Young v. Gordon*, 330 F.3d 76, 81 (1st Cir. 2003)).

Here, the record establishes that more than five months after Defendant served the discovery requests, Plaintiff has not provided complete responses to Defendant's discovery requests. Plaintiff, however, has not completely disregarded Defendant's requests. On two occasions, Plaintiff attempted to provide answers to the interrogatories. While Plaintiff is obligated to keep the Court and parties apprised of any change of address,[1] the Court also notes that the Court's Order to Show Cause and its order authorizing Defendant to move for sanctions were sent to Plaintiff by regular mail but were returned as undeliverable. (ECF No. 28.) Plaintiff, therefore, did not necessarily deliberately ignore the Court's show cause order. Because Plaintiff has made some attempt to respond to the discovery requests and because Plaintiff evidently did not receive the Court's orders, the ultimate sanction of dismissal is not warranted at this time.

As an alternative sanction, Defendant asks the Court to limit Plaintiff's ability to present certain evidence and to award Defendant its attorneys' fees associated with the motion for sanctions. Given the length of time Defendant's discovery requests have been

---

[1] Parties to litigation have a duty to inquire periodically regarding the status of the litigation and to keep the court informed of their current address and contact information. *United States v. Guerrero*, 302 Fed. App'x 769, 771 (10th Cir. 2008); *Lewis v. Hardy*, 248 Fed. App'x 589, 593 (5th Cir. 2007) (per curiam); *Carvel v. Durst*, No. 1:09-cv-06733, 2014 WL 787829, at *1 n.5 (S.D.N.Y. Feb. 25, 2014); *Am. Arbitration Ass'n, Inc. v. Defonseca*, No. 1:93-cv-02424, 1997 WL 102495, at *2 (S.D.N.Y. Mar. 6, 1997) ("[A] litigant's obligation to promptly inform the Court and the opposing party of an address change is a matter of common sense, not legal sophistication.")

outstanding, Defendant's request is not unreasonable. The reason for Plaintiff's failure to respond to discovery would be material to the assessment of whether sanctions should be imposed and, if so, which sanctions would be appropriate. With notice directed to Plaintiff at the Florida address she recently provided, allowing Plaintiff the opportunity to provide complete responses to the discovery requests and to confirm her current address and her intention to proceed on the matter by a date certain would permit the Court to discern whether Plaintiff's failure to participate fully in discovery is the result of her lack of regard for the process, lack of interest in prosecuting the case, or a consequence of her relocation.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court deny Plaintiff's motion for sanctions without prejudice, but order Plaintiff (1) to serve complete answers to the interrogatories and a complete response to the request for documents (including the production of the documents) within 21 days of the Court's order, (2) to confirm in writing to the court and Defendant her current address and her intent to proceed with this matter, and (3) if Plaintiff fails to comply with the Court's order, authorize Defendant to renew his request for sanctions, including dismissal, through the filing of an affidavit describing Plaintiff's non-compliance.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

       Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

                                                  /s/ John C. Nivison
                                                  U.S. Magistrate Judge

Dated this 24th day of February, 2023.