UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JAMAURA WOODS, | ) |
|         Plaintiff, | ) |
| v. | ) Docket no. 2:21-cv-00364-GZS |
| TRAVIS BARNIES, | ) |
|         Defendant. | ) |

**ORDER ON RECOMMENDED DECISION**

On February 24, 2023, the United States Magistrate Judge filed with the Court his Recommended Decision on Motion for Sanctions (ECF No. 29). Defendant filed his Objection (ECF No. 30) on March 10, 2023.

The Court has made a <u>de novo</u> determination of all matters adjudicated by the Magistrate Judge's Recommended Decision and concurs with the recommendations of the Magistrate Judge for the reasons set forth in that order.[1] As a result, the Court determines that no further proceedings are necessary with respect to this Recommended Decision.

---

[1] Defendant's assertion that the Recommended Decision is "factually inaccurate" to the extent that it found that Plaintiff "did not receive the Court's orders" (dated 11/23/22 & 12/7/22) is itself inaccurate. The docket readily establishes that these mailed orders were returned to the Court, and Defendant has not provided any evidence that the orders were otherwise *received* by Plaintiff. See ECF Nos. 19, 24 & 28. While Defendant suggests that the emailing of various filings to the pro se Plaintiff at a gmail address, as reflected in Defendant's certificates of service, proves Plaintiff had some actual notice of these orders, there is no evidence that Plaintiff received these emails and, in any event, receipt of such emails is not the same as receipt of the actual orders from the Court. In the absence of evidence that Plaintiff has deliberately failed to comply with the Court's orders, the Court concurs with the Magistrate Judge that the sanction of dismissal is not warranted at this time. See <u>Lawes v. CSA Architects & Engineers LLP</u>, 963 F.3d 72, 91 (1st Cir. 2020) (explaining that dismissal as a sanction "runs counter to our strong policy favoring the disposition of cases on the merits" (cleaned up)); <u>Vazquez-Rijos v. Anhang</u>, 654 F.3d 122, 127 (1st Cir. 2011) (explaining that dismissal is "one of the most draconian sanctions" that is reserved for "extreme misconduct").

It is therefore **ORDERED** that:

1. The Recommended Decision (ECF No. 29) is hereby **AFFIRMED**.
2. Defendant's Motion for Sanctions[2] (ECF No. 26) is hereby **DENIED WITHOUT PREJUDICE**.
3. Plaintiff Jamaura Woods shall serve complete answers under oath to the Defendant's First Set of Interrogatories, dated September 6, 2022 (ECF No. 26-1), and a complete response to Defendant's First Request for Production of Documents, dated September 6, 2022 (ECF No. 26-2), **no later than April 25, 2023**. Plaintiff's response shall include the production of any responsive documents.
4. Also, **no later than April 25, 2023**, Plaintiff shall confirm in writing to the Court and Defendant her current address and her intent to proceed with this matter.
5. Plaintiff is hereby **NOTIFIED AND WARNED** that a failure to comply with the Court's April 25, 2023 deadline may result in sanctions, including the dismissal of this case. As of April 26, 2023, Defendant is authorized to renew his request for dismissal of this action, along with any other previously requested sanctions, through the filing of an affidavit describing any non-compliance with this Order by Plaintiff.

SO ORDERED.

/s/ George Z. Singal
United States District Judge

Dated this 3rd day of April, 2023.

---

[2] The Court notes that the Recommended Decision at times refers to the pending Motion for Sanctions as "Plaintiff's" rather than Defendant's Motion. See Rec. Dec. (ECF No. 29), PageID #s 88 & 91. In this Order, the Court corrects this apparent scrivener's error.